# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BOYD, pro se,<br><br>                  Plaintiff,<br><br>v.<br><br>FALLBROOK UNION ELEMENTARY SCHOOL DISTRICT,<br><br>                  Defendant. | Case No.: 18cv1816-LAB (KSC)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Dennis Boyd filed his complaint on August 3, 2018, along with a motion to proceed *in forma pauperis* ("IFP"). The Court denied his motion (Docket no. 6), explaining the problems with his motion and giving him an opportunity to file a renewed IFP motion that corrected the problems. He filed a second motion which failed to correct the problems, and introduced new ones. The Court denied that motion, explaining the problems and ordering him no later than January 22, 2019 to either pay the filing fee or else file a renewed IFP motion that corrected all the problems that had been pointed out to him. In particular, the order pointed out five matters that a renewed IFP motion must address:

/ / /

/ / /

1. How it is that he is receiving dividends or interest but owns no investments;

2. Why the statement of monthly expenses in his second IFP motion was about $1000 higher than the statement in his first motion;

3. Whether he is receiving payments or has access to any money as a result of the reverse mortgage on his $550,000 home, and if so, how much;

4. Whether he expects money to become available as a result of the reverse mortgage, and if so, when; and

5. Whether he is currently in bankruptcy.

(Docket no. 8 at 6:13–22.)

The order cautioned him that failure to either pay the filing fee or file a renewed IFP motion within the time permitted could result in dismissal of the case. Boyd was particularly cautioned to obey the deadline. Because he had already had two opportunities to correct the problems that were pointed out to him, he was also cautioned that he should not expect to be given any more chances.

Boyd failed to file an IFP motion within the time permitted. Instead, well after the deadline he submitted a renewed IFP motion that ignored the Court's directive to address the five issues, and introduced even more problems. Because it was late and did not comply with the Court's order, the Court rejected it for filing.

Even if the Court had accepted the motion for filing, it would have been denied on the merits. The rejected IFP motion not only ignores problems the Court identified earlier, but introduces new ones. Instead of explaining the discrepancies between his first and second IFP motions, the latest motion simply gives a new set of figures, creating even more doubt about its accuracy. It also says that he owns a second car, something neither of the earlier motions mentioned. He attached a two-page explanation to his form, but most of it focuses on the merits of his claims, not on his ability to pay the filing fee. Only the final paragraph mentions his finances, and even then only briefly. All it says is that because of a bad investment, he had to file for bankruptcy to save his house. It does not say whether he is still

in bankruptcy. It does not say how long ago he filed for bankruptcy, or whether he is still in bankruptcy. It does not mention the reverse mortgage. It does not explain where his investment income is coming from. And it does not explain why the financial information in his affidavits keeps changing.

Parties bringing civil actions in federal district courts (other than habeas corpus petitions) must pay the filing fee required under 28 U.S.C. § 1914(a), unless they are granted leave to proceed IFP. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). An IFP application must be supported by an affidavit stating with some definiteness and particularity the facts establishing the applicant's poverty. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam). The Court has discretion to make factual inquires and to deny the application when an applicant is either unable or unwilling to verify his poverty. *Id.* For example, the Court is entitled to consider what access an applicant has to assets that might enable him to pay the filing fee. *See Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015). In this case, Boyd's affidavits include references to other assets, such as a $550,000 house and unidentified income-generating investments. Although the Court specifically instructed Boyd to explain these references, he proved either unable or unwilling to do so. His affidavits have also been inconsistent, and although he was directed to explain the discrepancies, he has not done that either.

Boyd has failed to pay the filing fee and has failed to successfully move to proceed IFP, even after being given multiple opportunities to do so. This action is therefore **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: February 5, 2019

*[signature]*
Hon. Larry Alan Burns
Chief United States District Judge

3
18cv1816-LAB (KSC)